IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KENNETH TORRY,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Civil Action No. 1:24-cv-1476-LKG<br>Criminal Case: 1:16-cr-267-LKG<br><br>Dated: December 3, 2024 |

## MEMORANDUM OPINION

In response to the above-captioned Motion to Vacate pursuant to 28 U.S.C. § 2255, Respondent seeks dismissal of the motion as time-barred, as procedurally defaulted, or as raising claims that are not cognizable. ECF No. 1882. Petitioner Kenneth Torry filed a Response to the Answer seeking equitable tolling of the one-year statute of limitation applicable to 2255 motions. ECF No. 1893. No hearing is necessary. *See* L. R. 105.6 (D. Md. 2023). For the reasons that follow, the motion shall be **DISMISSED**.

## BACKGROUND

On August 21, 2017, Torry was sentenced by this Court to serve 168 months of incarceration following his guilty plea to charges of racketeering conspiracy, conspiracy to distribute heroin and cocaine base, and felon in possession of a firearm and ammunition. ECF No. 1855 at 1. In his Motion to Vacate, Torry raises only one ground for relief: pursuant to a change in Fourth Circuit law he would no longer be considered a career offender for purposes of sentencing. *Id.* at 4. He states that his adjusted offense level would now be 29 and his criminal

history category would be V, "yielding a sentencing range of 140 – 175 m[on]ths." *Id*. As a career offender, Torry's offense level was 34 and his criminal history category was VI, resulting in a sentencing range of 262 – 327 months. *Id*. Prior to filing his Motion to Vacate, Torry filed a Motion for Compassionate Release pursuant to 18 U.S.C. §3582, which this Court denied on May 1, 2024, as it is the improper vehicle to raise the grounds asserted. *See* ECF Nos. 1827 and 1852. Torry filed his Motion to Vacate on May 20, 2024. ECF No. 1855.

Respondent explains that Torry did not appeal his conviction or sentence. He was sentenced by the Court on August 3, 2017, and almost seven years passed before he filed his Motion to Vacate. Torry was also sentenced below the sentencing range indicated by the calculated offense level under U.S.S.G. § 4B1.1(b)(1). ECF No. 452. The Sentencing Guidelines, which were agreed upon and stipulated by the parties, were calculated based on Torry's base offense level of 37 and his status as a career offender but his timely acceptance of responsibility warranted a three-level reduction in the offense level for an adjusted level of 34. *Id*. at 6. The Presentence Investigation Report prepared in advance of sentencing calculated the same adjusted offense level and found the advisory guidelines range to be 262 to 327 months. ECF No. 567 at 17.

At sentencing, this Court adopted the Presentence Investigation Report calculations without objection. ECF No. 1878 at 3-4. The parties agreed, however, that the sentencing guidelines were too high. *Id*. at 4-9. The government advocated for a sentence of 168 months, which fell within the negotiated range of 156 to 180 months and also within the non-career offender guideline range of 140 to 175 months. *Id*. at 4-6. Torry was sentenced to serve 168 months.

## STANDARD OF REVIEW

Under the provisions of 28 U.S.C. §2255, the limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

2

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where' due to circumstances external to the party's own conduct 'it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002), citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). To be entitled to equitable tolling, Torry in the instant case must establish that either some wrongful conduct by Respondents contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay. *See Harris*, 209 F.3d at 330. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*. The Fourth Circuit has made it clear that, prior to dismissing a pro se petition for writ of habeas corpus, "a district court should furnish notice that simply warns the pro se petitioner that his . . . action will be dismissed as untimely unless the petitioner can demonstrate that the petition was filed within the proper time period." *Hill*, 277 F. 3d at 708.

## ANALYSIS

The parties appear to agree that Torry's Motion to Vacate has been filed beyond the one-year filing deadline. Torry asserts that the delay was due to circumstances beyond his control

3

because he was not made aware of the Fourth Circuit's decision in *United States v. Norman*, 935 F.3d 232 (4th Cir. 2019) until August of 2023. ECF No. 1893 at 2. The significance of the *Norman* decision, in Torry's view, is that it negates his status as a career offender and requires his resentencing. *Id*.

Respondent concedes that had *Norman* been decided before Torry was sentenced, he would not have been considered a career offender. ECF No. 1882 at 5. However, the distinction does not make a difference in Torry's case because he was not sentenced to a term of confinement that fell within the guidelines range for career offenders. Rather, Torry was sentenced in accordance with the non-career offender designation guidelines range of 140 to 175 months. *Id*. Torry was sentence to 168 months, far below the career offender guidelines range of 262 to 327 months.

Further, the Fourth Circuit's decision does not serve to restart the one-year limitations period under the applicable statutory provisions. There has been no Supreme Court decision announcing a newly recognized right that was made retroactively applicable, nor has there been an impediment erected by the government that prohibited Torry from filing his motion and the nature of the claim asserted is not one where discovery of the factual predicate could be excusably delayed. *See* 28 U.S.C. § 2255. Torry's lack of knowledge about the Fourth Circuit's decision in *Norman* is not a viable basis for equitably tolling the statute of limitation as it does not represent a rare circumstance that makes enforcement of the limitation period unconscionable. *See Hill*, 277 F.3d at 704. The Motion to Vacate shall be denied as untimely.[1]

A certificate of appealability shall not issue because Torry has not demonstrated that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district

---

[1] Respondent's additional grounds for dismissal need not be addressed.

court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).  A separate Order follows.

                                                                                            LYDIA KAY GRIGGSBY
                                                                                            United States District Judge